UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISMICK CHARLES,

Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), et al.,

Respondents.

No. 1:26-cv-07821-DAD-CKD

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING EMERGENCY MOTION FOR A TEMPORARY RESTAINING ORDER AS MOOT

(Doc. Nos. 1, 3)

On September 24, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE") (Doc. No. 1) and a motion for temporary restraining order (Doc. No. 3). That same day, the court set a briefing schedule on the pending motion and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) Respondents were further directed to state any opposition that they had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

/////

On September 28, 2026, respondents filed an opposition in which they maintain their position that petitioner's detention is lawful pursuant to 8 U.C.S. § 1225(b) but acknowledge that 8 U.S.C. § 1226(a) governs petitioner's detention pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). (Doc. No. 8 at 1.)

In his *habeas* petition, petitioner alleges that he entered the United States without inspection on or about May 23, 2021, was apprehended upon arrival, and released from detention a few days later. (Doc. No. 1 at ¶ 25.) Respondents agree that petitioner was initially detained and released on or about Mary 23, 2021. (Doc. No. 8 at 5.) Petitioner was re-detained on September 2, 2026, without a warrant or pre-deprivation hearing. (*Id.* at ¶ 27.) Respondents have not provided the court with evidence that petitioner was detained pursuant to a warrant or provided a pre-deprivation hearing.

In light of the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release and that his re-detention absent a pre-deprivation hearing violated due process. Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Ismick Charles, A-File No. 220-210-587, from respondents' custody;

   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;

/////

2. Petitioner's motion for temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by this order granting habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Immigration Processing Center; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **October 2, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE